## 13203. MARTIN v. THE STATE.

The evidence as to tracks and the finding of stolen property, and the other circumstances, did not authorize the conviction; and for this reason the trial judge erred in overruling the motion for a new trial.

DECIDED MARCH 7, 1922.

Accusation of larceny from the house; from city court of Blackshear — Judge Mitchell. December 6, 1921.

Footprints and automobile parts found near the house of a brother of the defendant, where he lived, were the main circumstances relied on to convict Norman Martin upon an accusation which charged larceny of two Goodrich casings and tubes, two Ford wheels, and a wind-shield of W. A. Cleland, alleged to have been stolen from Cleland's garage and wagonhouse. Cleland testified, that on the day following the night of the theft, he found that these parts of his Ford car were missing, and found two tracks, one a barefooted flat track like Martin's and one with shoes, which left the edge of the shelter where the car was, and he and Irvin Powers followed the tracks to the gate of the home of the defendant's brother, Arthur Martin, where the defendant lived, and called out the defendant and Nolan Martin, told them of the loss of the articles mentioned and of the tracking of " two parties," and the defendant and his brother went with them to a field where the tracks were, and the witness told the defendant to put his foot in the tracks; that the defendant " put his foot in the track; it was a barefoot track and he had off his shoes; he tried to press it this

way (indicating), and did not put it in straight down in the track; it looked exactly like his track, and his foot fit the track;" that the things mentioned were found, some of them in one place and some in another, all along close to the tracks; that the windshield and the fender were near Arthur Martin's house, close to the road where the witness had tracked them, and the casings were in bushes about 40 or 50 yards back of Arthur Martin's barn but not on his land, the barn being across the street from the residence; that none of the property was found on Martin's premises; that the witness went in the house and looked around, but nothing was found there except some wet shoes and clothes; that the tracks came right up to the front gate; that there was a good deal of rain on the day before the theft; "it was rainy weather during the entire time." Another witness for the State testified that he was present when Cleland asked the defendant to put his foot in the barefoot track in Cleland's field, and the defendant did so and the foot seemed to fit it exactly; that the defendant did not try to disfigure the track or distort his foot; he placed it down in the track in a careful manner. The defendant, in his statement at the trial, said that he knew nothing about who got these things of Cleland and had no connection with the taking of them; that the track in which his foot was put was not his; that the track was in soft ground that had been water sobbed, and the dirt had sunken in all around it, and, from the way the damp ground and water had affected it, the track, which was about the size of his track when he put his foot in it, must originally have been much larger; that it had been raining for several days; that Cleland had a gun and made him put his foot in the track; that he was afraid to refuse to do so. As to the wet clothes mentioned by Cleland, the defendant stated that they were overalls which he had worn and which had got wet while he was hauling wood. Cleland testified that he did not threaten to injure the defendant and that the defendant voluntarily put his foot in the track; that the stolen articles were found a few days after he (Cleland) "had tracked these tracks near Arthur Martin's home;" and that the defendant was in jail when the articles were found. There was other evidence to the same effect.

*Homer L. Causey, I. J. Bussell,* for plaintiff in error, cited: 110 *Ga.* 293; 9 *Ga. App.* 299 (3); 57 *Ga.* 482; 96 *Ga.* 349.

*S. Thomas Memory, solicitor,* contra, cited: 59 *Ga.* 739 (6) ; 91 *Ga.* 186, 188; 9 *Ga. App.* 299 (4).

LUKE, J. The defendant was convicted of the offense of larceny from the house. He was convicted solely upon circumstantial testimony. The evidence, while raising a suspicion of his guilt, does not exclude every other reasonable hypothesis than that of guilt. For the reason that the verdict was not authorized by the evidence, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*